UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

Civil No. 01-CV-1297 (RHK/RLE)

Electrical Workers Health and Welfare Fund, Electrical Workers Pension Fund, National Electrical Benefit Fund, Electrical Workers Vacation Fund, Twin Ports-Arrowhead Electrical Apprenticeship and Training Fund, National Electrical Industry Fund, NECA-IBEW National Labor-Management Cooperation Fund, and International Brotherhood of Electrical Workers Local 294,

Plaintiffs,

vs.

Myrum Electric, Inc.

Defendant.

**ORDER**

This matter came before the undersigned United States District Judge upon the plaintiffs' Motion for the Entry of Default Judgment.

A hearing was conducted on February 1, 2002 in Duluth, Minnesota, at which time the plaintiffs appeared by Aaron R. Bransky, Esq., and no appearance was made by, or on behalf of, the defendant.

**FINDINGS OF FACT**

1. This is an action to enforce an employer's obligation to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and for potential liquidated damages, together with an award of interest, reasonable attorneys' fees, and the costs of this action.

2. The Court has jurisdiction over this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. §§ 1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. § 185(a), and under Title 28 U.S.C. § 1331. As provided in Title 29 U.S.C. § 1132(e)(2), venue is proper within the District.

13

FILED FEB 05 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 05 2002
DEPUTY CLERK

3. The plaintiffs are multi-employer benefit plans (the "Plans") as defined by Title 29 U.S.C. § 1002 (37).

4. At all relevant times, the defendant has been a party to the Collective Bargaining Agreement, which sets the terms and conditions of employment, including an obligation to make benefit contributions, for the benefit of its employees.

5. Pursuant to the provisions of the Collective Bargaining Agreement, the defendant submits to the plaintiffs monthly benefit calculation forms, and corresponding benefit contribution payments.

6. Pursuant to the provisions of the Collective Bargaining Agreement, the defendant agreed to be bound by, and to make contributions on behalf of the covered employees, in conformity with the Agreement.

7. The plaintiffs have complied with all conditions precedent, which would entitle them to the defendant's performance under the Collective Bargaining Agreement.

8. In accordance with the provisions of the Collective Bargaining Agreement, the plaintiffs are entitled to demand the production of all of the defendant's payroll records, in order that any delinquent contributions to the Fund, that may be due and owing by the defendant, can be determined by the plaintiffs.

9. The defendant has failed to submit to the plaintiffs all of the pertinent benefit contribution forms for hours worked in September 2001 and from November 2001 up to the present.

10. The defendant has failed to pay monthly contributions on behalf of its employees for hours worked in September 2001 and in November 2001 and all subsequent months up to the present.

11. The Court is unable to determine the extent to which the defendant is delinquent in its contributions to the Fund.

12. Following the filing of this action, a Summons and Complaint were duly served upon the defendant on October 19, 2001. Since that date, the defendant has not answered or otherwise responded to the Complaint, nor has the defendant made any appearance in this action.

13. The court on January 1, 2002 ordered the defendant to submit to plaintiffs those records necessary to permit the plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments owing to the plaintiffs. The defendant has not complied with this order.

14. A copy of the court's January 7, 2002 order was served on defendant by mail, but not personally served. The defendant has not responded to the Motion and, as noted, the defendant made no appearance at the time of the hearing on the Motion.

15. The defendant already has been determined to be in default.

**CONCLUSIONS OF LAW**

1. The Court has jurisdiction over this action under §§ 502 and 515 of ERISA, Title 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. § 185(a), and under Title 28 U.S.C. § 1331.

2. The Court has personal jurisdiction over all of the parties to this action, and venue within this division of the District of Minnesota is proper. Title 29 U.S.C. § 1132(e)(2); Title 28 U.S.C. § 103(5).

3. The plaintiffs have not provided evidence of the total extent of their entitlement to compensatory damages, to liquidated damages, or to additional contributions from the defendant, either by way of an affidavit or declaration, an accounting, the testimony of an informed witness,

or the deposition of an authorized representative of the defendant. As a result the court is unable to enter a final judgment in this matter.

4. Under Rule 55(b)(2), the Court is authorized to "conduct such hearings or order such references as it seems necessary and proper" in determining the amount of damages to be awarded to the party which seeks a default judgment. Pursuant to this authority, the Court once again directs the defendant to submit to the plaintiffs, at plaintiffs' offices in Duluth by 5:00 p.m. on February 22, 2002, those employment and payroll records necessary to permit the plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that may be owing to the plaintiffs under the terms of the Collective Bargaining Agreement.

5. After having an opportunity to audit the defendant's books and records, the plaintiffs shall appear at an evidentiary hearing before this Court on Monday, March 11, 2002, at the Federal courthouse in Duluth, Minnesota at 10:00 a.m., at which time they shall offer proof of the amount of the final judgment which should be entered on its behalf. Defendant must appear personally if it wishes to object to the amount of the final judgment.

NOW, THEREFORE, IT IS ORDERED,

A. Pursuant to Rule 55(b)(2) of the Fed.R.Civ.P., the defendant shall submit to the plaintiffs, at plaintiffs' offices in Duluth, Minnesota by 5:00 p.m. on February 22, 2002, those employment and payroll records necessary to permit the plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owing to the plaintiffs under the terms of the Collective Bargaining Agreement. **The defendant is advised that if it has been personally served with this order, and if it does not timely comply with this court's order to provide these records to the plaintiffs, and does not explain such noncompliance to the satisfaction of the court at the March 11, 2002 hearing, the court will direct the United**

**States Marshall service to take the appropriate officer of defendant Myrum Electric, Inc. into custody until defendant complies with this court's order.**

B. An evidentiary hearing is set for March 11, 2002 at 10:00 a.m. at the Federal courthouse in Duluth, at which time the plaintiffs shall offer proof of the amount of the final judgment which should be entered on its behalf, and at which time defendant shall present objections to such proof (if any).

C. The plaintiffs shall effect personal service of this order upon defendant.

Dated this 5th day of February, 2002.

Hon. Richard H. Kyle
United States District Judge